# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal Action No. 3:08-cr-00042 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| **TONY LLOYD JOHNSTON,** | ) | By: Norman K. Moon |
| Petitioner. | ) | United States District Judge |

Tony Lloyd Johnston, a federal inmate, filed a motion and supplemental motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss, and Johnston responded, making this matter ripe for consideration. After reviewing the record, I conclude that the government's motion to dismiss must be granted and Johnston's § 2255 motion must be denied.

## I.

On October 8, 2008, a federal grand jury charged Johnston in a three-count indictment with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) ("Count One"); being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) ("Count Two"); and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) ("Count Three"). On July 15, 2009, Johnston pled guilty to all three counts in a written plea agreement, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Plea Agree. at 1, ECF No. 57. The plea agreement stipulated that Johnston might be classified as an armed career criminal if the court finds that he has the requisite number of predicate convictions, that he would be sentenced to 19 years' incarceration and that he waived any right to collaterally attack his conviction and sentence. *Id.* at 3, 6.

The Presentence Investigation Report ("PSR") recommended a total offense level of 31 and a criminal history category of VI for Counts One and Two, resulting in an imprisonment

range of 188 to 235 months incarceration. PSR ¶ 47, ECF No. 64. The PSR concluded that Johnston was a career offender and an armed career criminal. The PSR listed the following prior convictions as support for Johnston's career offender designation: (1) a September 15, 1995 New York conviction for criminal possession of a controlled substance in the third degree, *Id*. ¶ 23; (2) a September 15, 1995 New York conviction for second degree robbery, *Id*. ¶ 24; and (3) convictions on February 5, 1999 and November 22, 1999 for the sale and possession with intent to distribute and distribution of cocaine, *Id*. ¶ 26. Although the PSR listed the two Virginia drug convictions as occurring on different dates, Johnston was convicted on November 22, 1999 of both drug charges. On February 5, 1999, Johnston was convicted of the separate crime of Virginia assault and battery. *Id*. ¶ 22. The PSR did not specify which convictions were used to support Johnston's armed career criminal status, although presumably they were the same predicates used to support his career offender designation. The PSR noted that Johnston faced an increased statutory mandatory minimum sentence of fifteen years, rather than a ten year statutory maximum sentence because of his armed career criminal status. *Id*. ¶ 46. In addition to the guideline range of 188 to 235 months for Counts One and Two, the PSR also recommended a statutory 60-month consecutive sentence on Count Three. *Id*. ¶ 47. Johnston did not object to the PSR.

On November 30, 2009, I adopted the PSR and sentenced Johnston to the agreed-upon 19 years (228 months) imprisonment, consisting of 164 months imprisonment on each of Counts One and Two to run concurrently, and 60 months imprisonment on Count Three to run consecutively to the other two charges. Judgment at 2, ECF No. 66. Johnston did not appeal.

Johnston filed numerous § 2255 petitions, all of which were dismissed. He received permission from the United States Court of Appeals for the Fourth Circuit to file a successive

§ 2255 petition on July 21, 2016, and filed his motion the same day in this court. ECF No. 123, 124. I appointed the Federal Public Defender's Office to represent Johnston and provide supplemental briefing, if necessary, in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), pursuant to Standing Order 2015-5. The Federal Public Defender's Office filed a supplemental memorandum in support. ECF No. 130.

Johnston alleges that I imposed an unconstitutional sentence, in light of *Johnson*, because he no longer qualifies as an armed career criminal. Because Johnston continues to have three predicate offenses following *Johnson*, I will deny his petition.

**II.**

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). When a petitioner already has filed a § 2255 motion, he may obtain relief in a second or subsequent petition by establishing that "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," invalidates his sentence. *Id.* § 2255(h). Johnston bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

**A. The ACCA Enhanced-Sentence Structure**

Johnston challenges the viability of the predicate offenses used to support his status as an armed career criminal. Federal law prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). Defendants who violate this law are subject to a term of up to ten years'

imprisonment. 18 U.S.C. § 924(a)(2). However, when defendants convicted of a § 922(g) charge have three or more prior convictions for "serious drug offenses" or "violent felonies," they qualify as armed career criminals under the ACCA. Armed career criminals face an increased punishment: a statutory mandatory minimum of fifteen years imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1).

In *Johnson*, the Supreme Court invalidated part of the definition of "violent felony" under the ACCA. 135 S. Ct. at 2563. The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The Supreme Court reviewed the second part of subsection (ii) of the violent felony definition. It concluded that the clause, known as the "residual clause," which provides, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. 135 S. Ct. at 2563. The Supreme Court did not, however, strike down the other portions of the violent felony definition, which include subsection (i), known as the "force clause," and the first part of subsection (ii), delineating specific crimes, known as the "enumerated crimes clause." *Johnson*, 135 S. Ct. at 2563 (noting that other than the residual clause, the Court's holding "d[id] not call into question . . . the remainder of the [ACCA's] definition of a violent felony"). In addition, the *Johnson* decision did not disturb the ACCA's definition of "serious drug offenses" and had no effect on the continued viability of drug convictions to act as predicates. The Supreme Court's decision in

*Johnson* announced a new rule of constitutional law that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

**B. Timeliness and Waiver**

As an initial matte, the government argues that I should not consider the viability of Johnston's predicate offenses because his petition is untimely and he waived the right to collaterally attack his sentence by signing his plea agreement. I disagree.

1. Timeliness

A petition under § 2255 must adhere to strict statute of limitations requirements. Generally, a petitioner must file a § 2255 motion within one year from the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). However, the statute allows for an additional one-year limitations period from the date on which the Supreme Court recognizes a new right made retroactively applicable on collateral review if the defendant relies on that decision for relief. *Id.* at § 2255(f)(3).

Johnston filed this § 2255 motion on July 21, 2016, more than one year from the date of his final judgment in 2009. Accordingly, his motion is untimely under § 2255(f)(1). However, the Fourth Circuit has held that a § 2255 motion is timely if it is filed within one year of *Johnson* and establishes that the sentence received "may have been predicated on application of the now-void residual clause and, therefore, may be [] unlawful." *United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017). Johnston alleges that his predicate conviction for New York second degree robbery no longer qualifies as a violent felony following *Johnson* based, in part, on the now-unconstitutional residual clause. Supp. § 2255 Mot. at 2-3, ECF No. 130. Because Johnston's sentence may have been predicated on the residual clause, he has "shown that he relies on a new rule of constitutional law," such that he satisfies the requirements of 28 U.S.C. § 2255(f)(3). *Id.*

5

(internal quotation marks omitted). Therefore, I must conclude that Johnston's petition is timely under § 2255(f)(3) as he filed it within one year of the Supreme Court's decision in *Johnson*, which issued on June 26, 2015.[1] *Id.*

2. Waiver

The government also asserts that Johnston cannot collaterally attack his sentence because he agreed, in his plea agreement, to "waive any right [he] might have to collaterally attack, in any future proceeding, any order issued in this matter." Plea Agree. at 6, ECF No. 57. Collateral attack waivers are generally enforceable, following a knowing and voluntary guilty plea. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). I determined that Johnston's guilty plea, made in open court following a detailed plea colloquy, was knowingly and voluntarily made, and defense counsel does not argue otherwise. Instead, defense counsel asserts that his *Johnson* claim falls beyond the scope of his collateral-attack waiver. I agree with Johnston.

The Fourth Circuit has held that a valid waiver of appeal and collateral-attack rights does not give a district court unfettered discretion in imposing a sentence and that certain fundamental defects or errors fall into a class of claims that lie beyond the scope of any wavier. *United States v. Martin*, 961 F.2d 493, 496 (4th Cir. 1992). One such class of claims is if the sentence imposed is in excess of the maximum penalty provided by statute. *Id*. Johnston argues that his sentence for Count Two is in excess of that authorized by statute because I sentenced him above the ten-year maximum he would have faced without the ACCA enhancement. Because Johnston claims

---

[1] Johnston filed a motion with the Fourth Circuit requesting permission to file a second or successive § 2255 motion on June 22, 2016, within the one-year window from the date of the *Johnson* decision. The Fourth Circuit did not grant the petition until July 21, 2016 and it was filed in this court on that day. Accordingly, the petition is timely.

6

that he received a sentence above the statutory maximum, I concluded that his collateral attack waiver does not preclude further inquiry into his predicate offenses.[2]

C. **Procedural Default**

Johnson argues that he should no longer be classified as an armed career criminal, and should not be subjected to the concomitant fifteen-year mandatory minimum sentence for Count Two because he no longer has three qualifying predicate convictions to support an enhanced sentence. Accordingly, I must determine, following *Johnson*, whether Johnston's criminal history supports his status as an armed career criminal. The PSR noted four predicate offenses that could be used to support an ACCA sentence: a New York robbery conviction, a New York drug conviction and two Virginia drug convictions. The ACCA requires only three prior convictions for a violent felony or serious drug offense, or both, in order for a defendant to be classified as an armed career criminal. Therefore, Johnston must establish that two of his four predicate offenses are no longer viable in order to obtain relief. This he cannot do because even if Johnston's New York robbery conviction is no longer viable, he possesses three prior convictions that were not challenged prior to sentencing, and he is procedurally barred from challenging them now.

The Fourth Circuit's decision in *United States v. Pettiford*, 612 F.3d 270 (2010), is instructive in Johnston's case. Pettiford received an enhanced ACCA sentence based on five

---

[2] The government also notes that Johnston pled guilty pursuant to Rule 11(c)(1)(C). A Rule 11(c)(1)(C) agreement allows the parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case[.]" Fed. R. Crim. P. 11(c)(1)(C). Such an agreement by the parties "binds the court once the court accepts the plea agreement." *Id*. In this case, Johnston and the government agreed to a 19-year sentence, which I imposed. However, I apportioned the 19 years between the three Counts: 14 years for each of Counts One and Two to run concurrently, and a consecutive five years for Count Three. Because the parties were operating under the belief that Johnston might be considered an armed career criminal and the PSR reinforced that belief, I conclude that Johnston's Rule 11(c)(1)(C) plea agreement does not preclude me from considering whether he is entitled to relief pursuant to 18 U.S.C. § 2255.

prior predicate convictions. 612 F.3d at 273. Two of the five state court convictions were subsequently vacated. *Id*. Pettiford argued—and the district court agreed—that because two of his predicates no longer supported his ACCA sentence, his § 2255 petition should be granted. The district court then scrutinized Pettiford's remaining three predicate offenses and concluded that one of the three no longer could be used to support an enhanced ACCA sentence based on case law issued after his sentencing. *Id*. at 275.

The Fourth Circuit reversed and remanded. It concluded that when a defendant establishes that a prior predicate no longer supports his ACCA designation, he is not necessarily entitled to § 2255 relief. *Id*. at 278. Instead, the court must look to the whole record to determine whether three predicate convictions remain. *Id*. The Fourth Circuit refused to assess the continued viability of Pettiford's remaining predicate offenses because he failed to challenge them at sentencing or on appeal. Therefore, the court made clear that just because a defendant successfully challenges an ACCA predicate in a § 2255 petition, it does not give the district court carte blanche to reconsider the viability of other predicate offenses. Accordingly, I am constrained by *Pettiford* to determine whether Johnston procedurally defaulted on his claims that his other predicate offenses, which were not directly affected by *Johnson*, cannot support his ACCA-enhanced sentence because he failed to challenge them at sentencing or on direct appeal.

1. <u>New York Robbery Conviction</u>

Johnston argues that his 1995 New York robbery conviction is no longer a viable ACCA predicate following *Johnson*. Even if the Court were to assume, without deciding, that New York robbery no longer qualifies as a predicate offense following *Johnson*, *see United States v. Brown*, No. 07-CR-202, 2017 WL 2859932, *2 (E.D.N.Y.May 26, 2017) (concluding that New York second degree robbery cannot qualify as a predicate offense for ACCA purposes

8

because a conviction does not require violent force, as required under the force clause of the ACCA and no longer qualifies under the residual clause following *Johnson*), Johnston is not necessarily entitled to relief. Unless one of Johnston's other four predicate offenses can be properly challenged and disqualified, he retains three ACCA offenses. Disqualification of one of Johnston's four predicate offenses—without more—does not allow me to grant his § 2255 petition.

2. New York Possession of a Controlled Substance

Johnston argues that his prior New York Class B conviction for possession of a controlled substance is not a serious drug offense because such a conviction is now punishable by no more than nine years' imprisonment. Irrespective of whether that predicate supports his ACCA-enhanced sentence, he has procedurally defaulted on this claim by failing to challenge it sooner.

In relevant part, the ACCA defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to . . . distribute, a controlled substance . . . for which the maximum term of imprisonment of ten years or more is proscribed by law." 18 U.S.C. § 924(e)(2)(A). Generally, courts determining the viability of drug-related felonies under the ACCA must apply the "'maximum term of imprisonment' applicable to a defendant's previous drug offense at the time of the defendant's state conviction for that offense." *McNeill v. United States*, 563 U.S. 816, 825 (2011). However, the state sentencing scheme considered by the Supreme Court in *McNeill* applied only prospectively; in a footnote, the Court noted that its holding did not address situations in which a state makes retroactive relief available for defendants previously convicted and sentenced. *Id*. at 825 n.1.

9

In 1995, Johnston pled guilty to criminal possession in the third degree, in violation of New York Penal Law § 220.16, a Class B felony. At the time of his conviction, the maximum term of imprisonment for a Class B felony was 25 years. N.Y. Penal Law §§ 60.05(3) & 70.00(2)(b) (1995). Neither party disputes that at the time that Johnston pled guilty to the New York charge, the maximum term of imprisonment was ten years or more, and so qualified as an ACCA predicate offense. However, in 2004, New York enacted the Rockefeller Drug Law Reform Act ("2004 DLRA"), and lowered the maximum penalties for Class B felony drug convictions from 25 years to nine years' incarceration. N.Y. Penal Law § 70.70(2)(a)(i). In 2009—prior to Johnston's sentencing on the underlying federal charges—New York enacted further reforms ("2009 DLRA"), allowing certain individuals convicted of Class B felonies prior to 2004 to receive retroactive relief and to be resentenced. *See* 2009 N.Y. Laws ch. 56, pt. AAA § 33(f) (uncodified) (effective April 7, 2009). Therefore, because of intervening state law, at the time of Johnston's federal sentencing, the maximum term of imprisonment for a New York Class B possession charge was nine years.

Accordingly, defense counsel argues that Johnston's conviction should not have been used to support his armed career criminal designation. The determination of whether Johnston's New York Class B felony was properly considered as a predicate at his 2009 sentencing is not wholly clear.[3] But even assuming that the New York drug predicate should not have been used

---

[3] The 2009 DLRA did make the reduction to the maximum sentences for class B felony drug offenses retroactively applicable. N.Y. Penal Law §7070(2)(1)(i). But the 2009 DLRA's resentencing provisions required that the defendant be "in the custody of the department of corrections" while "serving an indeterminate sentence with a maximum term of more than three years." N.Y. Crim. Proc. Law § 440.46(1).

Johnston received an 18 to 54 month sentence for his New York Class B felony conviction. PSR ¶ 23, ECF No. 64. However, at the time of his 2009 sentencing for the federal crimes underlying this petition, he was no longer in the custody of the New York department of corrections and was not serving an indeterminate sentence. The Second Circuit has noted that "[i]t is unclear whether these [2009 DLRA] reductions extend to non-incarcerated class B

to support Johnston's ACCA-enhanced sentence, this was an argument that Johnston's defense counsel needed to make at sentencing.

A motion pursuant to § 2255 does not replace a direct appeal, which is the "normal and customary method" of correcting trial or sentencing errors. *Sunal v. Large*, 332 U.S. 174, 177 (1947). Generally, claims that are not raised on direct appeal may not be raised on collateral review. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Accordingly, a petitioner "must clear a significantly higher hurdle than would exist on direct appeal" to obtain relief based on sentencing errors raised for the first time in a § 2255 motion. *United States v. Frady*, 456 U.S. 152, 166 (1982). The Supreme Court has recognized an equitable exception to the bar, however, when a defendant can show cause and actual prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010). Johnston can establish neither.

In order to establish cause for a procedural default, a defendant must show that "something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel" precluded him from raising the issue below. *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999); *Pettiford*, 612 F.3d at 280. Johnston makes no such claim. The 2009 DLRA was enacted on April 7, 2009, more than seven months before Johnston was sentenced on November 30, 2009. Therefore, this claim was available to him. In fact, defendants began arguing that their prior New York drug convictions could not support an

---

felons." *Rivera v. United States*, 716 F.3d 685, 688 n. 4 (2d Cir. 2013). Although the question remains open, federal district courts in New York have concluded that class B drug felonies cannot be used to support an ACCA enhanced sentence following the 2009 DLRA, even if the defendant is no longer in custody and no longer serving an indeterminate sentence. *See, e.g.*, *United States v. Calix*, No. 13CR582, 2014 WL 2084098, *14 (S.D.N.Y. May 13, 2014) (unpublished) (concluding that if a change in law "allows for the retroactive modification of sentences for Class B felonies, even if it does not do so for [the defendant] in particular" the defendant has satisfied the question left open by *McNeill*).

11

ACCA enhanced sentence shortly after the 2004 DLRA. *See, e.g.*, *United States v. Archer*, 461 F.Supp.2d 213, 221-22 (S.D.N.Y. 2006).

Johnston claims that it would have been futile to challenge the viability of this conviction as an ACCA predicate at his sentencing because, at the time, he had three other viable predicate offenses. However, futility does not excuse Johnston from failing to raise this claim. As the Fourth Circuit has explained:

> If we were to accept [the defendant's] argument—that cause exists to excuse procedural default where the defendant believes that challenging a predicate sentence would be futile—then there would be no reason for a defendant to challenge his predicate convictions during sentencing, unless he could attack a sufficient number of sentences to bring his predicate count below the number necessary for the enhancement. All other challenges would be handled by the courts on collateral attack, thereby rendering meaningless our longstanding commitment to the finality of judgments.

*Pettiford*, 612 F.3d at 281. Moreover, Johnston has not raised any ineffective assistance of counsel claims. In addition, Johnston does not make any claim—nor could he—that he is actually innocent of the predicate New York drug conviction. A change in law merely reduced the statutory maximum for the crime to which he pled guilty. A change in law which alters the legal classification of a crime does not support an actual innocence claim. *Id.* at 282. Because Johnston has established neither cause to excuse his failure to challenge his New York drug predicate conviction at sentencing or on direct appeal nor actual innocence, this claim is procedurally defaulted.

    3. <u>Virginia Felony Drug Convictions</u>

Johnston also has two prior Virginia drug convictions, one for selling and possessing with intent to distribute cocaine and the other for distributing cocaine. In the opening brief, defense counsel admitted that Johnston's "Virginia possession of cocaine with intent to distribute and Virginia distribution of cocaine [convictions] are qualifying predicate offenses because they

are punishable by more than ten years of incarceration." § 2255 Mot. at 5, ECF No. 124. However, in the reply in support of the § 2255 petition, defense counsel argues that Johnston's two Virginia convictions should qualify as only one offense because the record does not show that they were committed on separate occasions. Reply at 9-12, ECF No. 136. This too has been procedurally defaulted because it was not raised prior to sentencing.

In order to receive an enhanced sentence, a defendant must have three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Johnston pled guilty and was sentenced on November 22, 1999 for those two Virginia drug crimes; the drug sales underlying these convictions both occurred on December 11, 1998. The PSR described the underlying offenses as follows: "two separate confidential informants on different occasions purchased cocaine base from the defendant." PSR ¶ 26, ECF No. 64.

At Johnston's sentencing, defense counsel never objected to the Virginia drug convictions counting as two separate predicate convictions for ACCA purposes. Rule 32(i)(3)(A) of the Federal Rules of Criminal Procedure permits a district court to "accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A); *United States v. Terry,* 916 F.2d 157, 162 (4th Cir.1990) ("Without an affirmative showing the information is inaccurate, the court is free to adopt the findings of the presentence report without more specific inquiry or explanation.") (internal quotation marks omitted). The defendant bears the burden of showing the inaccuracy or unreliability of the PSR. *Terry*, 916 F.2d at 162.

Johnston was required—but failed—to challenge the two Virginia drug convictions as ACCA predicates at his sentencing, in order to preserve the issue for collateral attack.

*Pettiford*, 612 F.3d at 280. He has failed to show cause for this failure. *Mikalajunas*, 186 F.3d at 492-93. The facts underlying Johnston's challenge to his Virginia drug convictions were available at his sentencing. *Pettiford*, 612 F.3d at 281. Moreover, as is the case with his New York drug conviction, futility does not excuse default; even if a challenge to the Virginia drug convictions at sentencing would not have provided relief because Johnston had three additional predicate offenses, he was required to raise the issue. "[I]f an attack on a predicate sentence can be raised at sentencing, that attack should be handled by the sentencing judge, irrespective of whether a successful challenge would render a sentencing enhancement obsolete." *Id*. at 282. Therefore, Johnston has defaulted on this claim too. Even if his New York robbery conviction is no longer viable, he retains three predicate convictions: a New York drug conviction and two Virginia drug convictions that support his ACCA-enhanced sentence. Accordingly, he is not entitled to relief.

## III.

Johnston's three prior state drug convictions support his armed career criminal designation and are viable predicate convictions, even after *Johnson*. Accordingly, I will dismiss Johnston's § 2255 petition and grant the government's motion to dismiss.

**ENTER:** This   3rd   day of August, 2017.

*signature*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE